UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Matthew Dalbec,

     Plaintiff,

v.

Federal Motor Carrier Safety Administration
(FMCSA), U.S. Department of Transporta-
tion, and Minnesota Department of Public
Safety (DPS),

     Defendants.

File No. 26-cv-2546 (ECT/DTS)


**OPINION AND ORDER**

---

This matter is before the Court on Plaintiff Matthew Dalbec's Complaint for De-claratory and Injunctive Relief, ECF No. 1, and amended Application to Proceed *In Forma Pauperis* ("IFP"), ECF No. 6.  For the following reasons, the amended IFP application will be granted, Defendant Minnesota Department of Public Safety will be dismissed from this action, and service will be initiated on the remaining Defendants.

Mr. Dalbec, proceeding *pro se*, resides in Waverly, Minnesota.  ECF No. 1-1 at 5. He asserts that he holds a commercial driver's license ("CDL") and relies on it for his livelihood.  *See* Compl. ¶ 7; ECF No. 1-2 at 1.  The Complaint names three governmental entities as Defendants.  The first is the Federal Motor Carrier Safety Administration ("FMCSA"), an agency of the U.S. federal government.  The second is the U.S. Department of Transportation ("DOT"), the federal executive department under which the FMCSA op-erates.  The third is the Minnesota Department of Public Safety ("MDPS"), an executive agency of the State of Minnesota.

Mr. Dalbec's suit arises from his status as a CDL holder.  *See* Compl. ¶¶ 1–7.  The Complaint and its attachments indicate that after a drug screen in April 2025, the FMCSA's Drug and Alcohol Clearinghouse recorded a "refusal to test" violation against Dalbec—a determination that he failed to provide a test specimen without an acceptable medical explanation.  *See* ECF No. 1-1 at 1–2, 7–8.  This violation placed Mr. Dalbec in "prohibited driver" status, barring him from operating a commercial motor vehicle.  *See id.* at 5.

On April 14, 2025, Mr. Dalbec filed a petition through the FMCSA's "DataQs" system seeking review of the violation.  *See* Compl. ¶ 2; ECF No. 1-1 at 1.  On November 14, 2025, the FMCSA dismissed that petition, explaining that under 49 C.F.R. § 382.717(a)(1), a petitioner may seek correction only of "administrative errors" (e.g., data-entry mistakes or duplicate reports) and "may not contest the accuracy of test results, test refusals, or other violation information."  ECF No. 1-1 at 2; *see* Compl. ¶ 3.  The agency advised Mr. Dalbec that he could request administrative review of the dismissal under 49 C.F.R. § 382.717(f); he did so on November 23, 2025.  *See* Compl. ¶ 4; ECF No. 1-1 at 3.  The Complaint alleges that despite numerous follow-up inquiries, the FMCSA had issued no decision on the administrative review as of the Complaint's filing (nearly six months later).  *See* Compl. ¶¶ 5–6; ECF No. 1-1 at 4.

Separately, on May 19, 2025, the MDPS notified Dalbec it had downgraded his CDL because of his "prohibited" Clearinghouse status.  *See* ECF No. 1-1 at 5.  That downgrade was apparently required by federal regulation.  *See id.*; 49 C.F.R. § 383.73(q).  The notice advised that once Mr. Dalbec resolved his prohibited status, he would need to reapply for his CDL by May 19, 2026, one year from the downgrade, to avoid needing to retake the

2

CDL knowledge and skills tests.  *See* ECF No. 1-1 at 5; ECF No. 1-2 at 1.  The Complaint (with Mr. Dalbec's original IFP application) was filed 11 days before that deadline.  *See* Docket.[1]

Construed liberally, the Complaint raises three claims.  *First*, Mr. Dalbec asserts a claim under the Administrative Procedure Act ("APA"),[2] alleging that the FMCSA unreasonably delayed and unlawfully withheld a decision on his request for administrative review.  *See* Compl. 2.  *Second*, Mr. Dalbec seeks a writ of mandamus under 28 U.S.C. § 1361 (presumably in the alternative) to compel FMCSA to render that decision.  *See id.*  Both claims target the federal Defendants (the FMCSA and, derivatively, the DOT) and rest on the premise that the agency has a duty to act that it has failed to fulfill.  *See id.* at 1–2.[3] *Third*, fairly read, the Complaint also seems to assert a claim for emergency injunctive relief against MDPS, seeking to bar the State from enforcing the CDL-retesting consequence of his prohibited status.  *See id.* at 2–3; ECF No. 1-2 at 2.  Mr. Dalbec has styled

---

[1]    On May 11, 2026, U.S. Magistrate Judge David T. Schultz denied the original IFP application without prejudice, noting that the Complaint stated under penalty of perjury that Mr. Dalbec's assets totaled $50,000, while the IFP application showed a single asset of $10,700 in a checking account.  *See* ECF No. 4 at 1–2.  The order gave Mr. Dalbec 21 days to submit a new IFP application or pay the filing fee.  *See id.* at 2.  The next day, Mr. Dalbec paid the $405 filing fee in full.  ECF No. 5.  On May 22, 2026, though, he filed the pending, amended IFP Application.  ECF No. 6.  The Clerk has issued summonses for all three Defendants.  ECF No. 7.

[2]    Pub. L. No. 79-404, 60 Stat. 237 (1946) (codified as amended in scattered sections of 5 U.S.C.).

[3]    Mr. Dalbec expressly disclaims any challenge to the "underlying merits of [the] violation," framing his suit as concerning the FMCSA's failure to decide rather than the correctness of the violation itself.  ECF No. 1-2 at 1.

the Complaint as one for declaratory and injunctive relief; it incorporates an "Emergency Motion for Temporary Restraining Order" ("TRO").  Compl. at 1, 3.

For relief, Mr. Dalbec seeks mainly equitable and mandamus relief; he does not request monetary damages.  *See* Compl. 3; ECF No. 1-2 at 2.  He asks the Court to order the FMCSA to decide his administrative review "within 7 days"; to enjoin the MDPS from enforcing CDL-related penalties (including the "retesting" requirement) arising from his prohibited status; and to "preserv[e] [his] CDL status" pending the FMCSA's decision. Compl. 2–3; *see* ECF No. 1-2 at 2.  The TRO request seeks the same preservation of the status quo (at least, the status quo when the Complaint was filed) on an emergency basis. *See* Compl. 1–3.

While much of this case shall proceed, Mr. Dalbec's claim against MDPS founders on the threshold issue of sovereign immunity.  The Eleventh Amendment bars suits in federal court against a State and its agencies without the State's consent or valid congressional abrogation.  *See, e.g.*, *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54–55 (1996); *Quinnett v. Iowa*, 644 F.3d 630, 632 (8th Cir. 2011) (quoting *Va. Off. for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011)).  This rule applies regardless of the relief sought.  *See, e.g.*, *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (citing *Missouri v. Fiske*, 290 U.S. 18, 27 (1933)); *Sinclair v. Culbeaux*, No. 25-cv-2365 (LMP/ECW), 2025 WL 2898562, at *3 (D. Minn. Oct. 10, 2025) (citing *Seminole Tribe*, 517 U.S. at 58), *aff'd*, No. 25-3272, 2026 WL 1334948 (8th Cir. Mar. 18, 2026).  The MDPS is part of state

government and shares the State's immunity.  *See Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010).  And nothing in the Complaint suggests that either exception noted above applies.[4]

Because the State's immunity is jurisdictional, the Complaint will be dismissed without prejudice, for lack of jurisdiction, to the extent it brings claims against the MDPS. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The Complaint's request for a TRO seeks to prevent the MDPS from enforcing the CDL-retesting requirement and to preserve Mr. Dalbec's CDL status until he receives a decision from the FMCSA.  In the Eighth Circuit, courts consider such requests under the factors set out in *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc): the threat of irreparable harm to the movant, the balance between that harm and the harm an injunction would cause others, the likelihood of success on the merits, and the public interest.  Here, however, the Court need not reach those factors—even putting aside the fact that MDPS is no longer a Defendant here—because intervening events have mooted the request.  The deadline that Mr. Dalbec sought to forestall (May 19, 2026) passed shortly after Mr. Dalbec paid this action's filing fee (and before he submitted the amended IFP application).  *See* Docket.  An injunctive-relief request becomes moot

---

[4]    To be sure, the doctrine of *Ex parte Young*, 209 U.S. 123 (1908), permits certain actions for prospective relief against a state official sued in his or her official capacity.  *See Minn. Chapter of Associated Builders & Contractors v. Ellison*, 153 F.4th 695, 698 (8th Cir. 2025).  But here Mr. Dalbec names only the MDPS, not any official, so *Ex parte Young* does not apply.

when the relief sought can no longer affect the parties' rights. *See, e.g.*, *City Union Mission, Inc. v. Sharp*, 36 F.4th 810, 815–16 (8th Cir. 2022); *Knox v. Impact MHC Mgmt., LLC*, No. 24-CV-4235 (LMP/LIB), 2025 WL 1285994, at *19 (D. Minn. May 2, 2025). The Complaint's request for a TRO against MDPS will be denied.

What remains of this case are the first and second claims noted above, as pertaining to the FMCSA and the DOT.[5]  Having reviewed the amended IFP application, I conclude that it should be granted, which means (among other things) that Mr. Dalbec is now entitled to have "officers of the court . . . issue and serve all process" on his behalf. *See* 28 U.S.C. § 1915(d).  I will order that service be initiated on the remaining Defendants.

### ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1.    Plaintiff Matthew Dalbec's Complaint for Declaratory and Injunctive Relief [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**, for lack of jurisdiction, to the extent it brings claims against Defendant Minnesota Department of Public Safety and to the extent it seeks a temporary restraining order.

---

[5]    The conclusions in this Order are without prejudice to the remaining Defendants, after service, responding to the Complaint in any manner permitted by the Federal Rules of Civil Procedure, including a motion under Rule 12 if Defendants deem that advisable.

I also make the following point about the relief Mr. Dalbec can achieve going forward.  Although Mr. Dalbec asks the Court to order a decision from the remaining Defendants within 7 days, a federal court's authority under the relevant portion of the APA (i.e., 5 U.S.C. § 706(1)) is simply to compel the agency to act.  It does not extend to dictating the substance of the agency's decision, and the appropriate timetable for any compelled action is a matter to be addressed later.  The survival of Mr. Dalbec's remaining claims at screening does not entitle him to the specific 7-day order he requests.

2.      Mr. Dalbec's amended Application to Proceed *In Forma Pauperis* [ECF No. 6] is **GRANTED**.

3.      Mr. Dalbec must submit a properly completed Marshal Service Form (Form USM-285) for each Defendant.  If Mr. Dalbec does not complete and return the Marshal Service Forms within 30 days of this Order's date, this matter will be dismissed without prejudice for failure to prosecute.  Marshal Service Forms will be provided to Mr. Dalbec by the Court.

4.      After the return of the completed Marshal Service Forms, the U.S. Marshals Service is directed to effect service of process on Defendants Federal Motor Carrier Safety Administration and U.S. Department of Transportation consistent with Rule 4(i) of the Federal Rules of Civil Procedure.

Dated:  June 25, 2026                                 s/ Eric C. Tostrud
                                                                 Eric C. Tostrud
                                                                 United States District Court